May Term,
1850.

CHANDLER
v.
SWISHER.

*D. Mace*, for the appellants.

*H. W. Chase*, for the appellee.

---

CHANDLER, Administrator of SHERMAN, *v.* SWISHER.

The administrator filed in the clerk's office of the *Warren* Circuit Court a transcript of the proceedings in a suit in the Probate Court of that county, in which he was defendant and *S.* plaintiff. The transcript showed that two promissory notes, executed by the intestate and payable to *S.*, were filed as the cause of action; that the cause was continued; that the administrator filed pleas which led to issues of fact; that the parties submitted the cause and judgment was rendered in favor of *S.* Appeal to the Circuit Court. *S.* moved for a dismissal of the appeal because there was no assignment of errors. *Held*, that had the notes been filed in a case where the administrator had petitioned to settle the estate as insolvent, and the Probate Court had determined that the estate was insolvent, the trial of the appeal would have been on its merits; but that this case was before the Circuit Court as a Court of error, and this Court had no jurisdiction of the case.

*Tuesday,*
*October 22.*

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—In *June*, 1848, *Chandler*, administrator of *Sherman*, filed in the clerk's office of the *Warren* Circuit Court a transcript of the proceedings in a suit in the Probate Court of that county, in which suit *Swisher* was plaintiff, and *Chandler*, administrator as aforesaid, was defendant. That transcript states that copies of two promissory notes executed by the intestate, and payable to *Swisher*, were filed as the cause of action; that, at the *November* term, 1847, of the Probate Court, the cause was ordered to be docketed, and to stand for trial at the then next term of the Court; that, at the *February* term, 1848, the cause was continued; and that, at the next *May*

term, the parties appeared, and *Chandler* filed two pleas which led to issues in fact. The said transcript further states, that the parties submitted the cause to the Probate Court, and that judgment was there rendered in favor of *Swisher*.

*Chandler* appealed to the Circuit Court.

In the Circuit Court, when the cause was called, *Swisher* moved for a dismissal of the appeal because there was no assignment of errors. *Chandler* opposed the motion, on the ground that he had a right to a trial on the merits. The motion was granted.

The only question is, whether the Circuit Court was to try the cause on the merits, or to determine it merely as a Court of error.

Had the notes sued on been filed in a case where the administrator had put in a petition to settle the estate as insolvent, and the Probate Court had determined that the estate was insolvent, the trial of the appeal would have been on the merits. R. S. 1843, p. 539. It does not appear, however, that the present is such a case.

There is a statute authorizing suits against administrators to be brought in the Probate Court. R. S. 1843, p. 664. And this suit, as the record presents it, must be considered to have been brought under that statute. In cases so brought, an appeal lies from the judgment of the Probate Court to the Supreme or Circuit Court, at the option of the appellant, but the Court to which the appeal is taken acts only as a Court of error. R. S. 1843, pp. 668–9.

This cause was before the Circuit Court as a Court of error, and was disposed of by that Court as a Court of error. The consequence is, that we have no jurisdiction of the case.

*Per Curiam.*—The writ of error is dismissed.

*R. A. Chandler*, for the plaintiff.

*B. T. Gregory*, for the defendant.